IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LEANDREW LARONN MENEFEE;
ANTHONY DONTE GRIER; and
JAMASON LAUVER,

        Plaintiffs,

    v.

WASHINGTON COUNTY CIRCUIT COURT;
KEVIN BARTON; ANDREW FREEMAN;
WASHINGTON COUNTY JAIL; HILLSBORO
POLICE DEPARTMENT; NORTH PLAINS
POLICE DEPARTMENT; FOREST GROVE
POLICE DEPARTMENT; CORNELIOUS
POLICE DEPARTMENT; TIGARD POLICE
DEPARTMENT; and BEAVERTON
POLICE DEPARTMENT,

        Defendants.

Case No. 3:20-cv-01647-AC

ORDER TO DISMISS

MOSMAN, Judge.

    Plaintiff Leandrew Laronn Menefee, an adult currently in custody at the Coffee Creek Correctional Facility, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an

1 - ORDER TO DISMISS

Order entered this date, the court granted plaintiff Menefee's Application to Proceed *In Forma Pauperis*. However, for the reasons set forth below, the court dismisses plaintiff Menefee's Complaint.

## BACKGROUND

Plaintiff Menefee, who filed the Complaint while incarcerated as a pretrial detainee at the Washington County Jail (the "Jail"), purports to bring this action on his own behalf and on behalf of several other adults in custody at the Jail. Only plaintiff Menefee, however, signed the Complaint and submitted an Application to Proceed *In Forma Pauperis*.

Plaintiff Menefee's Complaint is not a model of clarity. Plaintiff identifies the federal constitutional or statutory rights allegedly violated by the defendants as follows: "Forced slavery, Misapplication of Statutes, War Crimes, Crimes Against Humanity, Being Held Hostage, Kidnapping, Intentional & Liable Affliction of Emotional Distress; Loss of Time With Loved Ones, Which is Priceless." Plaintiff Menefee appears to challenge the legality of his confinement and the prosecution of criminal charges against him. By way of remedy, plaintiff seeks money damages.

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b). When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff

with a statement of the complaint's deficiencies. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

### I. Procedural Deficiencies

As noted, only Plaintiff Menefee signed the Complaint. Because a *pro se* Plaintiffs cannot represent the rights of the other individual Plaintiffs, the Court dismisses the remaining plaintiffs, both those named in the caption and those named at page three of the Complaint. *See Storseth v. Spellman*, 654 F.2d 1349, 1355 (9th Cir. 1981) (a non-lawyer may not file papers with the court or otherwise represent the rights of another *pro se* litigant); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696 (9th Cir. 1987) (same).[1]

Pursuant to Rule 3 of the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint with the court." Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Each allegation must be simple, concise and direct." Fed. R. Civ. P. 8(d)(1). If the factual elements of a cause of action are scattered throughout the complaint but are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)

---

[1] The Court notes that Plaintiff Menefee also mentions his intent to pursue a "class action." It is well established that a layperson cannot ordinarily represent the interests of a class. *See McShane v. United States*, 366 F.2d 286 (9th Cir.1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding *pro se*. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975).

3 - ORDER TO DISMISS

is proper. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (district court may dismiss an action with prejudice due to a litigant's failure to comply with Rule 8(a) if meaningful, less drastic sanctions have been explored); *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (complaints that are "argumentative, prolix, replete with redundancy, and largely irrelevant" and that "consist[] largely of immaterial background information" are subject to dismissal under Rule 8); *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling"). Plaintiff's Complaint does not satisfy the pleading requirements of Rule 3 or Rule 8.

## II. Substantive Deficiencies

To state a claim under 42 U.S.C. § 1983, a complaint must allege that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). A § 1983 plaintiff must establish both causation-in-fact and proximate (*i.e.*, legal) causation. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008). Allegations regarding Section 1983 causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citations omitted). "Sweeping conclusory allegations [regarding causation] will not suffice[.]" Id. (citation omitted).

Prosecutors are absolutely immune from liability for damages caused by conduct within the scope of their authority and "'intimately associated with the judicial phase of the criminal process.'"

4 - ORDER TO DISMISS

*Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). Absolute prosecutorial immunity is not defeated by a showing of malicious or wrongful conduct. *Imbler*, 424 U.S. at 431. Plaintiffs' complaint appears to involve conduct associated with the judicial phase of the criminal process. Accordingly, plaintiff's claims against defendants Barton and Freeman are barred by prosecutorial immunity.

In any event, to the extent plaintiff alleges defendant unlawfully held plaintiff in custody, "to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Thus, a prisoner may not challenge his custody under § 1983, whether he seeks monetary damages or injunctive release, until that term of custody has been set aside. *See Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (holding wrongful arrest, malicious prosecution, and conspiracy to bring false charges barred by *Heck*); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (holding false arrest and imprisonment claims were *Heck*-barred until conviction is invalidated). Such claims "necessarily imply" the invalidity of a conviction. *See*, *e.g.*, *Valdez v. Rosenbaum*, 302 F.3d 1039, 1049 (9th Cir. 2002) (finding that pretrial detainee's claim that he was denied access to a telephone to call his attorney was *Heck*-barred).

Success on plaintiff Menefee's claims here would call into question the validity of his confinement at the Washington County Jail. Accordingly, plaintiff Menefee's claims must be dismissed.

5 - ORDER TO DISMISS

## **CONCLUSION**

Based on the foregoing, the court DISMISSES plaintiff's Complaint. Plaintiff may file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an Amended Complaint shall result in the dismissal of this proceeding, with prejudice.

Because plaintiff has not established extraordinary circumstances warranting the referral of this case to a member of the *pro bono* panel, the court DENIES plaintiff's Motion for Appointment of Counsel (ECF No. 5).

The Court DENIES plaintiff's "Motion for Injunctive Relief to Stop Irreparable Harm" (ECF No. 4) as plaintiff has not established a likelihood of success on the merits. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

IT IS SO ORDERED.

DATED this 4 day of December, 2020.

*Michael W. Mosman*
Michael W. Mosman
United States District Judge